

# In the Court of Criminal Appeals of Texas

Nos. WR-93,762-01 & WR-93,762-02

## EX PARTE RANDY DORRELL BRUMFIELD,

*Applicant*

On Applications for Writs of Habeas Corpus
Cause Nos. W13-62259-T(A) & W13-62165-T(A)
In the 283rd District Court from Dallas County

YEARY, J., filed a concurring opinion, in which SLAUGHTER, J., joined.

Applicant pled guilty in 2015 to two aggravated robbery offenses and was sentenced to fifteen years' imprisonment for each offense, to run concurrently. The Fifth Court of Appeals affirmed his conviction in 2016. *Brumfield v. State*, No. 05-15-00927-CR & 05-15-00926-CR (Tex. App.—Dallas Mar. 7, 2016) (mem. op., not designated for publication).

In March 2022, Applicant filed these applications for writs of habeas corpus in the county of conviction. TEX. CODE CRIM. PROC. art. 11.07. In his applications, he alleges multiple claims including ineffective assistance of counsel, prosecutorial misconduct, actual innocence, lack of competency, insufficient evidence, and trial court error.

Today, the Court remands these applications to the trial court to further develop the record. I join the Court's remand order. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Bazille*, ___ S.W.3d ___, No. WR-89,851-02, 2022 WL 108348 (Tex. Crim. App. Jan. 12, 2022) (Yeary, J., concurring).

The doctrine of laches ought to be considered in a case like this one. Applicant's trial occurred in 2015, but these writ applications were not filed until over six and a half years later. The record is also silent so far regarding circumstances that may excuse Applicant's delay, and at least some explanation for the long delay in filing should be provided.

Consistent with this Court's precedent, the trial court may, *sua sponte*, give Applicant the opportunity to explain the reasons for the delay. It may also give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims.[1]  And

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years

ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

**FILED:**                        May 18, 2022
**DO NOT PUBLISH**

---

after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).